UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PROVIDENT LIFE AND CASUALTY
INSURANCE COMPANY,

                    Plaintiff,              Civil Action No.: 07 CV 4620
                                                          (LAP) (AJP)

     - against -

                                                    **AMENDED ANSWER**
EDDY HOFFMAN A/K/A ISAAC            **AND COUNTERCLAIM**
HOFFMAN,

                    Defendants.      (Electronically Filed)
-----------------------------------------------------------X

        Defendant Eddy Hoffman a/k/a Isaac Hoffman ("Hoffman") by and through his attorneys, Pedowitz & Meister, LLP, answers defendant's Complaint and allege as follows:

        1.     Hoffman denies having sufficient knowledge or information with which to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

        2.     Hoffman denies having sufficient knowledge or information with which to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

        3.     Hoffman admits that Provident Life & Casualty Insurance Company ("Provident") is an insurance company licensed to do and doing business in New York but denies having sufficient knowledge or information with which to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 of the Complaint and therefore denies same.

        4.     Hoffman admits paragraph 4 of the Complaint.

        5.     Hoffman admits that he executed and submitted an application for disability insurance with Plaintiff. Pending his review of the actual documents Hoffman is unable to

form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and therefore denies same.

6. Hoffman admits that Provident issued the referenced policy to him as alleged in paragraph 6 of the Complaint but denies the remaining allegations therein.

7. Hoffman refers the court to the policy for a correct statement of its terms and otherwise denies the allegations in paragraph 7 of the Complaint.

8. Hoffman refers the court to the policy for a correct statement of its terms and otherwise denies the allegations in paragraph 8 of the Complaint.

9. Hoffman refers the court to the policy for a correct statement of its terms and otherwise denies the allegations in paragraph 9 of the Complaint.

10. Hoffman admits the allegations in paragraph 10 of the Complaint.

11. Hoffman admits that the Claimant's Statement contains information regarding his claim and respectfully refers the court to the Claimant's Statement for a complete statement thereof. Hoffman further refers the court to the Attending Physician's Statement for a correct statement thereof. Hoffman denies the remaining allegations in paragraph 11 of the Complaint. Hoffman further affirmatively alleges, and does not waive his rights by responding to this paragraph, that Provident breached his rights to confidentiality and privacy under New York law and under the Health Insurance and Portability Accountability Act ("HIPAA") by publicly disclosing the Claimant's Statement and the Physician's Statement.

12. In response to paragraph 12 of the Complaint Hoffman states that he was employed in a diamond brokering business titled Diamogem at the time of his disability and he denies the remaining allegations therein.

13. Hoffman admits that he was and is a dues paying member of the Diamond Dealers Club and that he transacted some, but not all of the, business of his company there, and he denies the remaining allegations in paragraph 13 of the Complaint.

14. Hoffman's business was centered in the United States and on at least one occasion he did travel to Israel in furtherance of the company's effort, but he denies the remaining allegations in paragraph 14 of the Complaint.

15. Hoffman admits to having sent the letter dated November 11, 2003, attached as Exhibit 4 to the Complaint, refers the court to the letter for a correct statement thereof, and denies the remaining allegations in paragraph 15 of the Complaint. Hoffman further affirmatively alleges, and does not waive his rights by responding to this paragraph, that Provident breached his rights to confidentiality and privacy under New York law and under the Health Insurance and Portability Accountability Act ("HIPAA") by publicly disclosing the letter that is Exhibit 4 to the Complaint.

16. Hoffman denies the allegations in paragraph 16 of the Complaint.

17. Hoffman denies having sufficient knowledge or information with which to form a belief as to the truth of the allegations in paragraph 17 and therefore deny same.

18. Hoffman admits that he received monthly checks from Provident starting in

or about November of 2003, respectfully refers the court to any notices Provident may have given, and checks sent, for a correct statement thereof and denies the remaining allegations in paragraph 18 of the Complaint.

19. Hoffman denies the allegations in paragraph 19 of the Complaint and affirmatively asserts that whatever he submitted to Provident was based upon his good faith belief that same was required and/or appropriate.

20. Hoffman admits that Provident requested medical information from his treating physician, affirmatively asserts that he provided appropriate medical information to Provident, states that he does not control what his treating psychiatrist does, and denies the remaining allegations in paragraph 20 of the Complaint.

21. Hoffman admits that Provident asked him to be examined by physicians of its choosing but denies the remaining allegations in paragraph 21 of the Complaint.

22. Hoffman admits the allegations in paragraph 22 of the Complaint.

23. Hoffman admits that he was examined by a psychiatrist at the request of Provident on or about July 6, 2006 but denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Hoffman denies having been provided with the full content of Provident's claim investigation and therefore denies having sufficient knowledge or information with which to form a belief as to the truth or falsity with respect to whether information it has obtained was revealed by it as alleged in paragraph 24 of the Complaint. Accordingly,

4

while some of the facts alleged in paragraph 24 and its sub-parts are correct, Hoffman denies the allegations contained in paragraph 24.

25. The results of the neuro-psychological testing is something that will have to be proven at trial. Hoffman denies being in a position to evaluate what the testing revealed, and believes that the testing results are not accurately summarized, and therefore denies the allegations in paragraph 25 of the Complaint.

26. Hoffman denies the allegations in paragraph 26 of the Complaint.

27. Hoffman denies having sufficient knowledge or information with which to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies same.

28. Hoffman admits that he primarily acted as a broker and that he sometimes bought and sold diamonds, again acting as a broker, often using memos, checks, and sometimes notes, on behalf of his business and that conducting the business involved meeting with people encouraging them to buy diamonds or to sell them, and brokering diamonds. Hoffman denies the remaining allegations in paragraph 28 of the Complaint.

29. Hoffman denies the allegations in paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint Hoffman repeats paragraphs 1 through 29, inclusive, hereof.

31. Hoffman denies the allegations in paragraph 31 of the Complaint.

32. Hoffman admits that the policy provides benefits for disabilities but denies

the remaining allegations in paragraph 32 of the Complaint.

33. Hoffman denies the allegations in paragraph 33 of the Complaint but admits that the Claimant's Statement was given to Provident after March of 2003.

34. Hoffman denies the allegations in paragraph 34 of the Complaint.

35. Hoffman denies the allegations in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint Hoffman repeats paragraphs 1 through 33, inclusive, hereof.

37. Hoffman denies the allegations in paragraph 37 of the Complaint but reserves the right to amend this portion of the Answer upon being provided with proof of the reservation of rights.

38. Hoffman denies the allegations in paragraph 38 of the Complaint.

39. Hoffman denies the allegations in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint Hoffman repeats paragraphs 1 through 37, inclusive, hereof.

41. Hoffman admits that the Claimant's Statement was given to Provident in or about September of 2003 and that he became disabled prior thereto but denies the remaining allegations in paragraph 41 of the Complaint.

42. Hoffman denies the allegations in paragraph 42 of the Complaint.

## AS A FIRST AFFIRMATIVE DEFENSE

43. Plaintiff has failed to state a cause of action for which relief can be granted.

## AS A SECOND AFFIRMATIVE DEFENSE

44. Hoffman is informed and believes and on that basis alleges that Provident's claims are barred in whole or in part by its own contributory and/or comparative fault.

## AS A THIRD AFFIRMATIVE DEFENSE

45. Provident's claims are barred, in whole or in part, because it failed to adequately comply with and/or satisfy all of the applicable administrative prerequisites to those claims.

## AS A FOURTH AFFIRMATIVE DEFENSE

46. Provident's claims are barred, in whole or in part, because Hoffman did not encourage, condone, authorize or otherwise ratify any of the alleged wrongful behavior about which Provident complains.

## AS A FIFTH AFFIRMATIVE DEFENSE

47. Provident's claims are barred, in whole or in part, because it violated HIPAA.

## AS A SIXTH AFFIRMATIVE DEFENSE

48. This action is barred by the doctrine of unclean hands.

## AS A SEVENTH AFFIRMATIVE OFFENSE

49. Provident attempted to interfere with the physician patient relationship and has improperly penalized Hoffman for his physician's actions.

## AS AN EIGHTH AFFIRMATIVE DEFENSE

50.   This action is barred by the statute of limitations.

## AS A NINTH AFFIRMATIVE OFFENSE

51.   Provident was negligent in its investigation of Hoffman's claim.

## AS A TENTH AFFIRMATIVE OFFENSE

52.   Provident has acted in bad faith.

## AS AN ELEVENTH AFFIRMATIVE OFFENSE

53.   Provident's actions violate the laws against discrimination.

## AS A TWELFTH AFFIRMATIVE OFFENSE

54.   Provident's claims are barred by its policy with Hoffman.

## AS A THIRTEENTH AFFIRMATIVE DEFENSE

55.   Hoffman reserves the right to assert additional defenses, including, but not limited to, those of which it becomes aware subsequent to service of this Answer.

## COUNTERCLAIM

For his counterclaims against Provident, Hoffman, by and through his counsel of record, Pedowitz & Meister, LLP, alleges as follows:

## JURISDICTION

56.   This Court has jurisdiction over these counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(a) on the grounds that they arise out of the same transaction(s) and/or occurrence(s) alleged in Plaintiff's complaint so as to

form a part of the same case or controversy with the meaning of Article III of the Constitution of the United States of America.

57. Hoffman duly purchased from Provident, paid his premiums, and complied with the terms of, his disability insurance policy. The policy was issued by Provident.

58. Hoffman became disabled, duly qualified for benefits under the policy, and applied for benefits as soon as reasonably practicable upon learning that he was disabled.

59. Hoffman duly performed all of his obligations under the policy as best he could.

60. Provident engaged in a pattern and practice of trying to avoid payment of benefits to Hoffman notwithstanding the benefits being due and owing. Provident's actions were done in bad faith. Provident has improperly failed to pay benefits to Hoffman for the actual duration of his disability.

61. Provident conducted what it characterized as a claim investigation and subsequently advised Hoffman that it retained counsel to bring an action against him to recoup the monies it paid to him as benefits under the policy and for other relief.

62. Provident's investigation of the claim was negligent, the decisions made, as related in Provident's letter to Hoffman of May 31, 2007, were negligently made, and Provident failed to show the degree of care and duty owed Hoffman as a policy holder.

63. Provident's investigation of Hoffman's claim was done in bad faith, the decisions made, as related in Provident's letter to Hoffman of May 31, 2007, were made in

bad faith, and Provident intentionally acted in disregard of the obligations it owed Hoffman as a policy holder.

64. Provident decided to sue him because of its finding that Hoffman "plead guilty to money laundering." In fact, Hoffman did not plead guilty to money laundering.

65. Provident gave as one of its reasons for electing to proceed against Hoffman in this action that he "refused to provide [Provident] with the name of the attorney representing [Hoffman] in the criminal action." In fact, that information was provided to Provident and a representative of Provident spoke to Hoffman's attorney in the criminal action.

66. Provident selectively made findings in order to "justify" bringing this action.

67. But for Provident's negligent investigation, and/or its bad faith actions, it would not have brought the instant action and caused Hoffman to sustain the further damages that he has by virtue thereof.

## FIRST COUNTERCLAIM

68. Plaintiff repeats paragraphs 56 through 67 of this Answer and Counterclaim.

69. Provident disclosed confidential health information of Hoffman in violation of New York State law and the privacy rule of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Inter alia, Provident wrongfully attached Claimant's Statement, Claimant's Attending Physician's Statement, and a letter from Hoffman to Provident dated November 11, 2003 to the Complaint, a publicly filed and

publicly available document.

70. To the best of Hoffman's knowledge he did not authorize Provident to disclose his health information to the public and Provident had other means for pursuing its claim without making Hoffman's private health information public.

71. By virtue of Provident's actions Hoffman has sustained damages.

### SECOND COUNTERCLAIM

72. Plaintiff repeats paragraphs 56 through 67 of this Answer and Counterclaim.

73. The actions of Provident, including but not limited to the commencement of this action, constitute unlawful discrimination against him under the New York State laws against discrimination on account of his disability and retaliation for having applied for disability insurance coverage under his policy.

74. By virtue of Provident's actions Hoffman has sustained damages.

### THIRD COUNTERCLAIM

75. Plaintiff repeats paragraphs 56 through 67 of this Answer and Counterclaim.

76. Provident has wrongfully denied that Hoffman is entitled to coverage and has improperly contended that he is not entitled to benefits under the policy and has otherwise acted in violation of its obligation of good faith and fair dealing.

77. By virtue of Provident's actions Hoffman has sustained damages.

WHEREFORE Hoffman requests that the Complaint be dismissed without costs or fees, and that an order be entered in his favor:

a. Awarding Hoffman compensatory damages;

b. Declaring that Provident violated the Health Insurance Portability and Accountability Act of 1996, and New York State law regarding health information; and

c. Declaring that Provident violated the policy and directing that Hoffman should be paid his benefits retroactive to the onset of his disability; and

d. Awarding Hoffman his costs, attorneys fees, interest, and such other and further relief as to this court may seem proper.

## DEMAND FOR JURY TRIAL

Hoffman demands a trial by jury of all issues so triable.

Dated: New York, New York
July 16, 2007

ARNOLD H. PEDOWITZ (AP-1382)
Pedowitz & Meister, LLP
Attorneys for Defendant
1501 Broadway, Suite 800
New York, NY 10036
(212) 403-7321