```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
PROVIDENT LIFE AND CASUALTY      | Civil Action No.: 07-cv-4620
INSURANCE COMPANY,               |
                                 |
                  Plaintiff,     |
                                 |
         -vs.-                   |
                                 |
EDDY HOFFMAN A/K/A ISAAC         |
HOFFMAN,                         |
                                 |
                  Defendants.    |
------------------------------------------------------x

### CONFIDENTIALITY AGREEMENT GOVERNING THE PRODUCTION AND USE OF DOCUMENTS

WHEREAS discovery in the above-captioned case will involve the production of information some of which the parties claim to be private and/or proprietary information;

**IT IS HEREBY STIPULATED AND AGREED**, by, between and among Provident Life and Casualty Insurance Company ("Provident") and Eddy Hoffman a/k/a Isaac Hoffman ("Hoffman") as follows:

1. Each person given access to Confidential Material (as defined in paragraph 2 below) pursuant to the terms hereof shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Confidentiality Agreement and may not be disclosed or used other than pursuant to the terms hereof; and (ii) the violation of the terms of this Confidentiality Agreement (by use of the Confidential Material for business purposes or in any other impermissible manner) may constitute contempt of a Court Order. Before any person is given access to Confidential Material the person must read and agree in writing in the form annexed hereto as **Exhibit A** to be bound by the provisions of this Confidentiality Agreement.

PHLDMS1 4130828v.2

2. Pursuant to this Confidentiality Agreement, Confidential Material is defined as "Benefits Center Claims Manual as of 7/18/03" and "With Changes to Manual 7/18/03 – 2/22/08" consisting of one (1) disc, that will be produced by Provident after the execution of this instrument.

3. Confidential Material shall be subject to the following restrictions:

   (a) Confidential Material shall be disclosed only to:

   (i) Counsel of record and their associated attorneys in this case on behalf of a party;

   (ii) employees or agents of such counsel including secretarial, paralegal or clerical employees who assist counsel in these cases;

   (iii) the Court;

   (iv) consultants and experts working on behalf of or under the direction of counsel (provided, however, that any such expert consent, in advance and in writing in the form annexed hereto as **Exhibit A**, to abide by all terms in this Confidentiality Agreement.)

   (v) Defendant;

   (vi) any other person as to whom the parties agree in writing (provided, however that such person consent in advance and in writing in the form annexed hereto as **Exhibit A**, to abide by all of the terms of this Confidentiality Agreement.)

   (b) All Confidential Material subject to confidential treatment in accordance with the terms of this Confidentiality Agreement that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing or containing any Confidential Material, shall, if so permitted by the Court, be

-2-

PHLDMS1 4130828v.2

filed under seal and kept under seal until further order of the Court. Where practicable, only confidential portions of filings with the Court shall be filed under seal.

4. Confidential Material shall be designated as follows:

(a) In the case of depositions, designations of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on record during the course of the depositions or at the conclusion of each session of the deposition. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential testimony and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript which contains Confidential Material. The party that produced the deponent (or, in the case of third-party deponents, any party) shall pay the costs to segregate and separately bind the confidential portions and may, within 10 days of receipt of the transcript, redesignate any portion of the transcript, only as it relates to confidential material as per paragraph 2 of agreement. The signatories to this Confidentiality Agreement may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court Order.

5. Inadvertent production of any Confidential Material as defined in paragraph 2 hereof shall be without prejudice to any claim that such material is privileged or protected from

discovery as work product, and no party shall be held to have waived any rights or privileges by such inadvertent production.

6. The provisions of this Confidentiality Agreement shall, absent written permission of the producing party or any Order of the Court, continue to be binding after the conclusion of this case, including any appeals.

7. Upon the conclusion of litigation and all appeals, all Confidential Material and all copies thereof, shall be promptly returned upon the request by the producing parties or, at their written request, destroyed, except that counsel for the parties need not destroy or return the attorney's copy of the Confidential Material.

8. This Confidentiality Agreement is without waiver of the parties' rights to (a) assert that any information or material produced by any party in this case is irrelevant to, and/or beyond the scope of permissible discovery in this or any other proceeding; or (b) that it is not in fact entitled to the protection of Confidentiality; and (c) seek an appropriate Order from a Court of competent jurisdiction to preclude any party herein from using information or material produced in (this case) or from ending its confidential designation. Such reservation of rights is without waiver of any other party's rights including, without limitation, the right to contest any such assertion or object to the issuance of any such order in any other proceeding.

9. This Confidentiality Agreement may not be waived, modified, abandoned or terminated in whole or in part except by an instrument in writing signed by the parties. If any provision of this Agreement shall be held invalid for any reason whatsoever, the remaining provisions should not be affected thereby.

10. A facsimile copy or copy of this Confidentiality Agreement may be filed with the Court as if it were an original.

-4-

PHLDMS1 4130828v.2

11. This Confidentiality Agreement applies to all affiliates of Provident Life and Casualty Insurance Company. This Confidentiality Agreement may be executed by each party separately and it shall be presented to the court by Plaintiff's counsel so it may be "so ordered."

WHITE AND WILLIAMS LLP
One Penn Plaza
Suite 1801 18th Floor
New York, New York 10119

_____
Robert Wright
Attorneys for Plaintiff Provident Life and Casualty Insurance Company

PEDOWITZ & MEISTER LLP
1501 Broadway
Suite 800
New York, New York 10036

_____  4/29/2008
Arnold Pedowitz
Attorneys for Defendant Eddy Hoffman a/k/a Isaac Hoffman

June 4, 2008

SO ORDERED
_____
Loretta A. Preska
...A. PRESKA
...TRICT JUDGE

-5-

PHLDMS1 4130828v.2